[No. A043621. First Dist., Div. Three. Aug. 9, 1989.]

In re JEANETTE R. et al., Persons Coming Under the Juvenile Court Law.
SONOMA COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent, v.
DAVID R., SR., Defendant and Appellant.

COUNSEL

Howard J. Specter, under appointment by the Court of Appeal, for Defendant and Appellant.

Gene L. Tunney, District Attorney and J. Michael Mullins, Assistant District Attorney, for Plaintiff and Respondent.

OPINION

WHITE, P. J.—David R., Sr., the father of Jeanette R. and David R., Jr., appeals from the dispositional findings and order entered by the Sonoma County Superior Court. For the reasons stated below we affirm the order.

The factual background of this action is undisputed. On December 2, 1986, a petition was filed in the San Francisco County Superior Court to have Jeanette (born Apr. 24, 1980) and David, Jr. (born Jan. 25, 1982) declared dependent children of the court pursuant to Welfare and Institu-

tions Code section 300, subdivisions (a) and (d).[1] The petition specifically alleged that the children's home was unfit by reason of physical abuse, neglect, and cruelty or depravity of either of the parents in that: Count I— The father of the minors was incarcerated on or about November 30, 1986, for stabbing his girlfriend in residence, resulting in admission of the minors into shelter;

Count II—During the stabbing incident of November 30, 1986, the children were present and were threatened by the father;

Count III—The father had a history of violent behavior with the minors, older children, spouses and other adults and had an extensive criminal record including arrests and conviction for assault, rendering him a danger to his children;

Count IV—The father had a drug abuse problem which rendered him unable to care for the minors;

Count V—The mother of the minors did not have legal custody of the minors and her exact current whereabouts were unknown;

Count VI—The mother had a history of neglect as indicated by previous dependency proceedings and out-of-home placement as a result of sexual abuse while in the mother's care;

Count VII—There had been three prior CES referrals alleging abuse and neglect since March of 1985;

Count VIII—The father was unable to care for the minors because he was incarcerated.

On March 9, 1987, appellant admitted to count VIII of the petition and jurisdiction was declared under section 300, subdivision (a). The remaining counts against appellant, including the section 300, subdivision (d) allegation, were dismissed.

On June 12, 1987, jurisdiction as to the natural mother, Marilyn R., was declared. On November 17, 1987, the children were declared dependents of the court and placed in the home of their mother. In April of 1988, the proceedings were transferred to the Sonoma County Superior Court as Sonoma was the mother's county of residence.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

On August 10, 1988, appellant appeared in court to request that his children be permitted to visit him and that he be provided reunification services in prison. William Alvarez, a clinical psychologist, testified that the minors did not want any contact with their father and that it would not be in their best interest to order visitation. The court ordered that if the children indicated a desire to visit with their father, the department of social services should facilitate the visit, if possible. The court declined to order the department of social services to provide reunification services for appellant.

■ On appeal appellant, whose projected release date is August 1993, contends the court erred by failing to order reunification services for appellant as such services are required by section 361.5.

Subdivision (a) of section 361.5 provides in pertinent part: "[W]henever a minor is removed from a parent's or guardian's custody, the juvenile court shall order the probation officer to provide child welfare services to the minor and the minor's parents or guardians for the purpose of facilitating reunification of the family within a maximum time period not to exceed 12 months." Subdivision (e) then provides in relevant part: "If the parent or guardian is incarcerated or institutionalized, the court shall order reasonable services unless the court determines those services would be detrimental to the minor. . . . An incarcerated parent may be required to attend counseling, parenting classes, or vocational training programs as part of the service plan if these programs are available." Section 361.5 is not applicable to the instant action.

Section 361.2, subdivision (a) provides in pertinent part: "When a court orders removal of a minor pursuant to Section 361, the court shall first determine whether there is a parent of the minor, with whom the minor was not residing at the time that the events or conditions arose that brought the minor within the provisions of Section 300, who desires to assume custody of the minor. If such a parent requests custody the court shall place the minor with the parent unless it finds that placement with that parent would be detrimental to the minor.

"If the court places the minor with such a parent it may do either of the following. . . .

"(2) Order that the parent assume custody subject to the supervision of the juvenile court. In such a case the court *may* order that reunification services be provided to the parent or guardian from whom the minor is being removed, *or the court may order that services be provided solely to the parent who is assuming physical custody* in order to allow that parent to

retain later custody without court supervision, or that services be provided to both parents, in which case the court shall determine, at review hearings held pursuant to Section 366, which parent, if either, shall have custody of the minor." (Italics supplied.)

In the present case the children were taken from appellant's home due to his incarceration. They were eventually placed in the home of their natural mother and social services were ordered for the mother. Although the court considered the possibility of reunification services for appellant, it was provided no information by appellant concerning the existence of such services in a male prison. Given the permissive language of section 361.2 and appellant's lack of a request for a specific available program, there was no requirement that appellant be provided reunification services as well.

The order is affirmed.

Merrill, J., and Strankman, J., concurred.