[Nos. H010565, H011562. Sixth Dist. Sept. 19, 1994.]

In re ERIKA W., a Person Coming Under the Juvenile Court Law.
HUMAN RESOURCES AGENCY OF SANTA CRUZ COUNTY, Plaintiff
and Respondent, v.
EVELYN W., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A, B and C.

**COUNSEL**

Shoko Michael and Debra Pearlman Strunk for Defendant and Appellant.

Dwight L. Herr and Jane M. Scott for Plaintiff and Respondent.

**OPINION**

**MIHARA, J.**—Erika W. was removed from the custody of her mother (hereafter appellant), and the juvenile court took jurisdiction over her under Welfare and Institutions Code section[1] 300, subdivisions (b), (d) and (j). She was placed in the custody of her father, Charles W., and family maintenance services were provided to him. Reunification services were not provided to appellant. Appellant filed a notice of appeal from the jurisdictional and dispositional orders. Six months later, the juvenile court dismissed the dependency action because Erika was "no longer in need of the supervision of the Juvenile Court." Appellant also filed a timely notice of appeal from the dismissal order.

---

[1]Subsequent statutory references are to the Welfare and Institutions Code unless otherwise specified.

On appeal, appellant contends that the juvenile court's orders should be reversed because the juvenile court erred in (1) restricting appellant's cross-examination of the social workers, (2) permitting Erika to testify, (3) concluding that it would not be detrimental to Erika to place her in her father's custody, and (4) denying reunification services to appellant. In the published portion of this opinion, we conclude that the juvenile court had discretion under section 361.2 to deny appellant reunification services and that this denial did not violate appellant's rights to due process and equal protection. We affirm the juvenile court's orders.

BACKGROUND

Erika was born on May 13, 1987. In October 1989, Erika and her brother Charles were detained after Charles was found in a vehicle with appellant, who had passed out from excessive alcohol consumption. Section 300, subdivision (b) allegations were sustained, Erika and Charles were placed with relatives, and reunification services were provided to appellant. After a permanency planning hearing in March 1991, Erika was returned to appellant's custody. The court terminated its jurisdiction over Erika in June 1991. In July 1992, Erika and Charles were again detained, and allegations were made under section 300, subdivisions (b), (d) and (j). The court held a contested jurisdictional hearing on these allegations. Erika was permitted to testify at this hearing after the court found that she was a competent witness. Appellant was not allowed to utilize a report on Charles in her cross-examination of the social workers. The juvenile court found the allegations true, and the matter proceeded to a contested dispositional hearing. The social workers recommended that Erika be placed with her father. The court found that it would not be detrimental to Erika to place her with her father, and therefore ordered Erika placed in her father's custody. The court ordered that no reunification services be provided to appellant. Six months later, the court terminated its jurisdiction over Erika and dismissed the case.

DISCUSSION

A.-C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

D. *Denial of Reunification Services*

Appellant challenges the juvenile court's order denying her reunification services. She claims that (1) reunification services were mandated under

*See footnote, *ante,* page 470.

section 361.5, subdivision (a), (2) the denial of reunification services was a denial of due process, and (3) the laws governing the provision of reunification services violate equal protection.

### 1. Section 361.2, Subdivision (a)(2) Applies Here; Section 361.5 Does Not

█ Section 361.2 and section 361.5 were simultaneously enacted in 1986. (Stats. 1986, ch. 1122, §§ 12, 13, pp. 3982-3986.) Section 361.5 contains general rules governing the provision of reunification services to parents of minors removed from parental custody. Reunification services are mandated under section 361.5, subdivision (a) except where a parent is unavailable, mentally disabled or has been extremely abusive towards a child. Like section 361.5, section 361.2, subdivision (a)(2) also pertains to the provision of reunification services. In contrast to the general applicability of section 361.5, section 361.2, subdivision (a)(2) applies *only* when the minor is removed from the custody of one parent, pursuant to section 361, and placed in the custody of the noncustodial parent under the supervision of the juvenile court.

Under these limited circumstances, section 361.2, subdivision (a)(2) invests the juvenile court with discretion as to the provision of reunification services to the parents. The court "*may* order that reunification services be provided to the parent or guardian from whom the minor is being removed, *or* the court may order that services be provided *solely* to the parent who is assuming physical custody in order to allow that parent to retain later custody without court supervision, *or* that services be provided to *both* parents, in which case the court shall determine, at review hearings held pursuant to Section 366, which parent, if either, shall have custody of the minor." (§ 361.2, subd. (a)(2), italics added.)

Because section 361.5 was part of the same legislative act as section 361.2, subdivision (a)(2), it cannot be interpreted as rendering nugatory the provisions of section 361.2, subdivision (a)(2). Seen as parts of a single legislative scheme, the only rational intent which can be ascribed to the Legislature is the intent to enforce a different set of rules regarding the provision of reunification services in those cases where custody of a minor is shifted from one parent to another parent. Section 361.2, subdivision (a)(2) invests the juvenile court with the discretion to decide whether one parent or the other or both parents should receive services under these circumstances. Notwithstanding appellant's arguments, we find it impossible to conclude that section 361.5 intended to make mandatory that which simultaneously enacted section 361.2, subdivision (a)(2) explicitly made discretionary. (Cf. *In re Jeanette R.* (1989) 212 Cal.App.3d 1338, 1341-1342 [261 Cal.Rptr.

246] [§ 361.5 is inapplicable where § 361.2, subd. (a)(2) applies]; *In re Sarah M.* (1991) 233 Cal.App.3d 1486, 1501 [285 Cal.Rptr. 374] [issue conceded].)

## 2. *Due Process*

 Appellant claims that the juvenile court's denial of reunification services to her under section 361.2, subdivision (a)(2) "amounted to a denial of both procedural and substantive due process of law" because the statute "gives insufficient guidelines to the juvenile courts to determine whether reunification services [should] be provided to the parent from whom the minor was removed." In the absence of guidelines, appellant argues, the juvenile court has "unfettered discretion to deny a parent reunification services just because the child was placed with another parent . . . ."

Section 361.2, subdivision (a)(2) does not grant the juvenile court "unfettered discretion" to deny reunification services because the statute adequately guides the court's exercise of its discretion. (3) Reunification services are one part of a statutory scheme which the Legislature has devised to protect the welfare of minors who have been neglected or abused or are at substantial risk of being neglected or abused. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 307-308 [19 Cal.Rptr.2d 544, 851 P.2d 826].) "[T]he purpose of reunification services is to facilitate the return of a dependent child to *parental* custody." (*In re Jodi B.* (1991) 227 Cal.App.3d 1322, 1326 [278 Cal.Rptr. 242].) Two of the most important goals underlying dependency laws are to promptly resolve the child's custody status and to provide the child with a stable environment in which to develop. (*In re Marilyn H., supra*, 5 Cal.4th at p. 308.) Section 361.2, subdivision (a) serves these objectives by providing for the placement of a dependent child with a previously noncustodial *parent* when the custodial parent has neglected the child, and permitting the juvenile court to structure the provision of reunification services around the ultimate goal of providing a stable permanent parental home for the child.

 Section 361.2, subdivision (a)(2) expressly contemplates that reunification services will be offered only for the purpose of facilitating permanent parental custody of the child by one or the other parent. If the previously noncustodial parent can provide a safe and stable permanent home for the child and the evidence establishes that the other parent cannot, reunification services may be offered only to the previously *noncustodial* parent since this serves the Legislature's goals by placing the child in parental custody *and* providing for a safe and stable permanent home for the child. The statute expressly directs the court to consider these factors in

deciding to whom reunification services should be provided. "[T]he court may order that services be provided solely to the parent who is assuming physical custody *in order to allow that parent to retain later custody without court supervision.*" (§ 361.2, subd. (a)(2), italics added.)

If, on the other hand, the previously noncustodial parent who is now assuming custody does not appear to be an appropriate permanent placement for the child, and the previously custodial parent has the potential to provide a safe stable permanent home for the child, reunification services can be offered to the previously custodial parent in the hope that this parent will remedy his or her deficiencies and reunify with the child. The statute even contemplates what the court may do when both parents are potentially appropriate permanent placements. In that situation, the statute provides that services can be provided to both parents and permanent custody determined at a subsequent review hearing.

Viewing the statute in this context, it gives ample guidance to the juvenile court. In a case such as this, the statute directed the juvenile court to consider whether appellant, the previously custodial parent, had the potential to provide a safe and secure permanent home for Erika. The juvenile court did not abuse its discretion in deciding that she did not. Appellant had been provided with reunification services for several years throughout the dependencies of both Erika and her brother Charles. These services were not successful in remedying appellant's alcohol abuse, which was at the root of her problems. Notwithstanding these services, appellant continued to have "recurring relapse problems" and consequently "the children cannot be consistently in a safe environment with [appellant]." The social worker testified that there were no further services available which would be helpful to appellant since she was unwilling to enter an inpatient alcohol treatment program. Based on this evidence, the juvenile court did not err in denying reunification services to appellant. As the statute provided adequate guidance to the court on this issue, appellant's right to due process was not thereby violated.

### 3. *Equal Protection*

Appellant claims that the statutory scheme governing provision of reunification services violates equal protection because it "draws an arbitrary distinction between parents of children who are placed with another parent and parents of children placed with a non-parent." "The equal protection clause of the Fourteenth Amendment to the United States Constitution denies states 'the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria

wholly unrelated to the objective of that statute.' (*Reed* v. *Reed* (1971) 404 U.S. 71, 75-76 [30 L.Ed.2d 225, 229, 92 S.Ct. 251].)" (*People* v. *Leung* (1992) 5 Cal.App.4th 482, 494 [7 Cal.Rptr.2d 290].) Appellant concedes that the appropriate standard of scrutiny here is whether there is a rational basis for the statutory distinction. " 'Wide discretion is vested in the Legislature as to the making of a classification, and every presumption is in favor of its validity; the decision of the Legislature as to what constitutes a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous.' " (*Id.* at p. 495.)

As we have already discussed, ". . . the purpose of reunification services is to facilitate the return of a dependent child to *parental* custody." (*In re Jodi B., supra,* 227 Cal.App.3d 1322, 1326; cf. *In re Marilyn H., supra,* 5 Cal.4th at pp. 307-308.) The statutory distinction attacked by appellant is not arbitrary because it is tailored to serve this purpose. When a child is placed in nonparental custody, reunification services are necessary to promote a possible return of the child to parental custody. However, when a child is placed in parental custody, this goal has already been met and therefore reunification services are not neccessary. Appellant was not denied equal protection by the application of this rational statutory distinction to her.

## CONCLUSION

The orders are affirmed.

Cottle, P. J., and Wunderlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 15, 1994.